IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:96cr66-2

DEVON DALE BECKFORD,

    Petitioner.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on July 5, 2001, the Court denied on the merits a motion under 28 U.S.C. § 2255 filed by Devin Dale Beckford. (ECF Nos. 1660, 1661.) Since that date, Beckford has continued to attack his conviction and sentence. On February 19, 2019, the Court received from Beckford a "MOTION FOR RELIEF FROM JUDGEMENT PURSUANT TO FED. R. CIV. P. RULE 60(b)(4) AND 60(b)(6). ("Rule 60(b) Motion, ECF No. 1925.") In his Rule 60(b) Motion,[1] Beckford contends that the Court should vacate the

---

[1] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
>     (4) the judgment is void;
> . . .
>     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(4) & (6).

denial of his § 2255 Motion because the judgment is void and because of exceptional circumstances. Beckford tersely concludes that Rule 60(b) relief is warranted because his trial counsel should have testified during the § 2255 motion evidentiary hearing, but apparently did not. (Rule 60(b) Mot. 3.)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing Werner, 731 F.2d at 207). Beckford seeks relief under Rule 60(b)(4) and (6), hence, under Federal Rule of Civil Procedure 60(c)(1) he was required to file his motion within a reasonable time after the entry of the July 5, 2001 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1)("A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.") Beckford's Rule 60(b) Motion, filed more than seventeen years after the entry of the challenged judgment, was not filed in a reasonable time. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on

2

several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir.1974); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir.1967))). Beckford fails to offer any persuasive argument as to why this Court should find that his Rule 60(b)(4) or (6) Motion was filed within a reasonable time. Cf. Fortune v. Clarke, 712 F. App'x 296, 297 (4th Cir. 2018) (explaining that determination of timeliness of a Rule 60(b) motion is discretionary, not jurisdictional).

Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" MLC Auto., LLC v. Town of Southern Pines, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004)). Beckford has demonstrated no extraordinary circumstances that would warrant review of the previous dismissal of his § 2255 Motion or that he has a meritorious claim. Accordingly, the Rule 60(b) Motion (ECF No. 1925) will be denied. A certificate of appealability will be denied.

Beckford also filed a MOTION FOR COURT APPOINTED ATTORNEY (ECF No. 1926) presumably to assist in the litigation of the Rule 60(b) Motion. Because the Rule 60(b) Motion is untimely and will be dismissed, the Motion (ECF No. 1926) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Beckford and counsel for the United States.

It is so ORDERED.

Date: May 13, 2019
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

4