IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:96cr66-2

DEVON DALE BECKFORD,

     Petitioner.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on July 5, 2001, the Court denied on the merits a motion under 28 U.S.C. § 2255 filed by Devin Dale Beckford.  (ECF Nos. 1660, 1661.)  Since that date, Beckford has continued to attack his conviction and sentence.  On February 19, 2019, the Court received from Beckford a "MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. RULE 60(b)(4) AND 60(b)(6).  ("Rule 60(b) Motion," ECF No. 1925.)  In his Rule 60(b) Motion,[1] Beckford argued that the Court should vacate the denial

---

[1] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> **(b)  Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
>     (4) the judgment is void;
> . . .
>     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(4) & (6).

of his § 2255 Motion because the judgment is void and because of

exceptional circumstances.   Beckford tersely concluded that Rule

60(b) relief is warranted because his trial counsel should have

testified during the § 2255 motion evidentiary hearing, but

apparently did not.   (Rule 60(b) Mot. 3.)   In rejecting his Rule

60(b) Motion, on May 24, 2019, the Court explained as follows:

> A party seeking relief under Federal Rule of Civil
> Procedure 60(b) must make a threshold showing of
> "'timeliness, a meritorious defense, a lack of unfair
> prejudice to the opposing party, and exceptional
> circumstances.'" Dowell v. State Farm Fire & Cas. Auto.
> Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner
> v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)).   After a
> party satisfies this threshold showing, "he [or she]
> then must satisfy one of the six specific sections of
> Rule 60(b)." Id. (citing Werner, 731 F.2d at 207).
> Beckford seeks relief under Rule 60(b)(4) and (6),
> hence, under Federal Rule of Civil Procedure 60(c)(1) he
> was required to file his motion within a reasonable time
> after the entry of the July 5, 2001 Memorandum Opinion
> and Order.   Fed. R. Civ. P. 60(c)(1)("A motion under
> Rule 60(b) must be made within a reasonable time-and for
> reasons (1), (2), and (3) no more than a year after the
> entry of the judgment or order or the date of the
> proceeding.")   Beckford's Rule 60(b) Motion, filed more
> than seventeen years after the entry of the challenged
> judgment, was not filed in a reasonable time.   See
> McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535,
> 538 (4th Cir. 1991) ("We have held on several occasions
> that a Rule 60(b) motion is not timely brought when it
> is made three to four months after the original judgment
> and no valid reason is given for the delay." (citing
> Cent. Operating Co. v. Utility Workers of Am., 491 F.2d
> 245 (4th Cir.1974); Consol. Masonry & Fireproofing, Inc.
> v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir.1967))).
> Beckford fails to offer any persuasive argument as to
> why this Court should find that his Rule 60(b)(4) or (6)
> Motion was filed within a reasonable time.   Cf. Fortune
> v. Clarke, 712 F. App'x 296, 297 (4th Cir. 2018)
> (explaining that determination of timeliness of a Rule
> 60(b) motion is discretionary, not jurisdictional).

Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" <u>MLC Auto., LLC v. Town of Southern Pines</u>, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting <u>Reid v. Angelone</u>, 369 F.3d 363, 370 (4th Cir. 2004)). Beckford has demonstrated no extraordinary circumstances that would warrant review of the previous dismissal of his § 2255 Motion or that he has a meritorious claim. Accordingly, the Rule 60(b) Motion (ECF No. 1925) will be denied.

(ECF No. 1927, at 2-3.) On June 3, 2019, the Court received from Beckford a MOTION TO ALTER OR AMEND THE JUDGMENT ENTERED ON MAY 14TH [SIC], 2019 DISMISSING THE PETITIONER'S RULE 60(b)(4). ("Rule 59(e) Motion," ECF No. 1932.)

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." <u>Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing <u>Weyerhaeuser Corp. v. Koppers Co.</u>, 771 F. Supp. 1406, 1419 (D. Md. 1991); <u>Atkins v. Marathon LeTourneau Co.</u>, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Beckford argues that the Court should alter or amend the judgment because it "applied the wrong standard of law . . . for relief sought pursuant to Rule 60(b)(4)." (Rule 59(e) Mot. 1, 2.)

3

Beckford believes that, under Rule 60(b)(4), he did not need to make "a threshold showing" that his motion was timely or that he had a meritorious defense, and that, "Rule 60(c)(1), the reasonable time requirement simply does not apply to relief under Rule 60(b)(4) from a void judgment."   (Id. at 2 (internal quotation marks omitted).)   Beckford is incorrect.   Beckford was required to meet the threshold requirements of Rule 60(b) before the Court could consider one of the six specific subsections, here Rule 60(b)(4).   Dowell, 993 F.2d at 48 (quoting Werner, 731 F.2d at 207); see Wells Fargo Bank N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299-300 (4th Cir. 2017) (explaining that movant must make threshold showing of timeliness, and satisfy Rule 60(c)(1), before advancing to "enumerated clause[]" Rule 60(b)(4)).[2]   Beckford shows

---

[2] Beckford cites an unpublished Alexandria Division bankruptcy case for the proposition that a Rule 60(b)(4) motion attacking a judgment as void may be brought at any time. See In re Merrifield Town Ctr. Ltd. P'ship, No. 09-18119-SSM, 2011 WL 4073949, at *4 (E.D. Va. Sept. 13, 2011).  This interpretation conflicts with the plain language of Rule 60(c)(1), and the Court cannot adopt this argument in this instance.  At any rate, Beckford would not satisfy Rule 60(b)(4).   "An order is 'void' only if the court lacked personal or subject matter jurisdiction or acted contrary to due process of law."   Wells Fargo Bank N.A., 859 F.3d at 299. Additionally, "[a] judgment is not 'void' under Rule 60(b)(4) merely because it is erroneous." Cromer v. Kraft Foods North Am., 390 F.3d 812, 817 (4th Cir. 2004).  In his Rule 60(b)(4) Motion, Beckford vaguely claimed that the Order denying his § 2255 Motion was void because counsel should have testified during the evidentiary hearing but did not.  (Rule 60(b) Mot. 2-3.)  Beckford failed to demonstrate that the Court lacked jurisdiction or acted contrary to due process of law, and therefore, did not satisfy any element of Rule 60(b)(4).

4

no clear error of law, and thus, he fails to demonstrate any
entitlement to relief under Rule 59(e).   Beckford's Rule 59(e)
Motion (ECF No. 1932) will be denied.

The Clerk is directed to send a copy of this Memorandum
Opinion to Beckford and counsel for the United States.

It is so ORDERED.

_____ /s/   REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  May ____ 1 , 2020

5